**ORIGINAL**

FILED

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADRANKA VUKOVIC, | Case No. SACV10-00352 CJC(MLGx) |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **FOR VIOLATION OF FEDERAL** |
| | **FAIR DEBT COLLECTION** |
| | **PRACTICES ACT, ROSENTHAL** |
| BISHOP, WHITE & MARSHALL, | **FAIR DEBT COLLECTION** |
| P.S. AND DFS SERVICES LLC, | **PRACTICES ACT,  AND** |
| | **INVASION OF PRIVACY** |
| Defendants. | |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.      Plaintiff, JADRANKA VUKOVIC ("Plaintiff"), is a natural person residing in Orange county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, DFS Services LLC ("Defendant DFS") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant DFS regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).

5.      At all relevant times herein, Defendant, BISHOP, WHITE & MARSHALL, P.S. ("Defendant BWM") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant BWM regularly attempts to

collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6), and the RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant DFS hired Defendant BWM to file a lawsuit against Plaintiff in an attempt to collect an alleged outstanding debt.  Defendant DFS' and Defendant BWM's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

1) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, attempting to collect a debt that Plaintiff has previously paid off and in which a satisfaction of judgment was filed on October 5, 2009(§1692f));

2) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, attempting to collect a debt that Plaintiff has previously paid off and in which a satisfaction of judgment was filed on October 5, 2009(§1692f(1));

3) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, attempting to collect a debt that Plaintiff has previously paid off and in which a satisfaction of judgment was filed on October 5, 2009 (§1692f(1));

4) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, attempting to collect a debt that Plaintiff has previously paid off and in which a satisfaction of judgment was filed on October 5, 2009 (§1692e(2)(A));

5) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §1788.11(b));

6) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, before 8 am and after 9pm (§1692c(a)(1));

7) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)); and

8) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §1788.11(b)).

6.      Defendant DFS' and Defendant BWM's aforementioned violations of the FDCPA and RFDCPA  also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.   Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7.     As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant DFS and Defendant BWM are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

8.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant DFS and Defendant BWM for the following:

A.     Declaratory judgment that Defendant DFS and Defendant BWM conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages;

D.     Costs and reasonable attorney's fees; and,

E.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH
## DEFENDANTS

9.     Plaintiff reincorporates by reference all of the preceding paragraphs.

10.    To the extent that Defendant DFS' and Defendant BWM's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant DFS and Defendant BWM for the following:

A.    Declaratory judgment that Defendant DFS' and Defendant BWM's conduct violated the RFDCPA;

B.    Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

**COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS AS TO BOTH DEFENDANTS**

11.    Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant BWM and Defendant DFS for the following:

A.    Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 26th date of March, 2010

By: _____

**TODD M. FRIEDMAN (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**